

# Service of Process Transmittal

02/15/2022
CT Log Number 541061498

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** Process Served in Georgia

**FOR:** Wal-Mart Realty Company  (Domestic State: AR)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BELLAMY STACEY // To: Wal-Mart Realty Company |
| **DOCUMENT(S) SERVED:** | Attachment(s), Summons, Certification(s), Complaint, First Interrogatories, First Request(s), Certificate(s) |
| **COURT/AGENCY:** | Chatham County - State Court, GA<br>Case # STCV2200222 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 11/15/2020, Wal-Mart located at 6000 Ogeechee Road, Savannah, GA, 31419 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/15/2022 at 13:59 |
| **JURISDICTION SERVED:** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | W. Brian Cornwell<br>The Cornwell Firm<br>349 Mall Boulevard, Suite 210<br>Savannah, GA 31406<br>912-349-7028 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/15/2022, Expected Purge Date: 02/20/2022<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company (FL)<br>106 Colony Park Drive<br>STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / JD

**EXHIBIT "A"**

**STCV22-00222**

Civil Action No. _____
Date File __2/7/2022_____

Superior Court ☐
State Court ☑
County of: __Chatham_____

Attorney's Address:

W. Brian Cornwell

349 Mall Blvd. Suite 210

Savannah, Georgia 31406

**STACEY BELLAMY**

_____
Plaintiff

Vs.

Name and Address of Party to be Served:

Wal-Mart Realty Company

c/o registered agent, The Corporation Company

106 Colony Park Drive, Suite 800-B

Cumming, Georgia 30040

**WAL-MART STORES, INC. and**

**WAL-MART REALTY COMPANY**

_____
Defendants

_____
Garnishee

### SHERIFF'S ENTRY OF SERVICE

☐ **PERSONAL SERVICE** I have this day served the defendant _____ personally with a copy of the within action and summons

☐ **RESIDENTIAL SERVICE** I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this county. Delivered same into hands of _____ described as follows: age, about ____ years; weight about ____ pounds; height, about ____ feet and ____ inches, domiciled at the residence of defendant.

☐ **CORPORATE SERVICE** Served the defendant __T Company__ a corporation by leaving a copy of the within action and summons with __NAHSEER _____ in charge of the office and place of doing business of said Corporation in this County.

☐ **TACKED AND MAILED SERVICE** I have this day served the above styles affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place in the summons.

☐ **NON EST** Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

Date: __2-15-2022__

Sheriff/Deputy Sheriff __Combs__ County, Georgia

__Forsyth__

**EXHIBIT "A"**

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 2/7/2022 1:46 PM

*Brian K. Hart* -Clerk of Court

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| STACEY BELLAMY, | § § § § | |
| Plaintiff, | § § | STCV22-00222 |
| v. | § § | CIVIL ACTION NO. _____ |
| WAL-MART STORES, INC. and WAL-MART REALTY COMPANY, | § § § § | |
| Defendants. | § § | |

## SUMMONS

To the above-named Defendant:   Wal-Mart Realty Company
c/o registered agent, The Corporation Company
106 Colony Park Drive, Suite 800-B
Cumming, GA 30040

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

W. Brian Cornwell, Esq.
**THE CORNWELL FIRM**
349 Mall Boulevard, Suite 210
Savannah, Georgia 31406

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2022.

*Clerk of Court*
*State Court of Chatham County*

/s/ Moneisha Green
_____
Deputy Clerk,
State Court of Chatham County

**EXHIBIT "A"**

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| STACEY BELLAMY, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. STCV22-00222 _____ |
| WAL-MART STORES, INC. and WAL-MART REALTY COMPANY, | § § § § | |
| Defendants. | § § | |

### CERTIFICATION UNDER RULE 3.2

Pursuant to Rules 3.2 and 3.4 of the Uniform State Court Rules, I hereby certify that no case has heretofore been filed in the State Court of Chatham County involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the Petition-Pleading to be specifically assigned to the Judge to whom the original action was or is assigned.

This 7th day of February, 2022.

THE CORNWELL FIRM

/s/:W. Brian Cornwell

W. BRIAN CORNWELL
GEORGIA STATE BAR NO. 459090
BENJAMIN C. DAVIDSON
GEORGIA STATE BAR NO. 343248
ATTORNEYS FOR PLAINTIFF

349 Mall Boulevard, Suite 210
Savannah, GA 31406
(912) 349-7028
(912) 349-7078 fax
bcornwell@cornwelllaw.org
bdavidson@cornwelllaw.org

**EXHIBIT "A"**

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

| | |
|---|---|
| STACEY BELLAMY, § | |
| § | |
| Plaintiff, § | |
| § | STCV22-00222 |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| WAL-MART STORES, INC. and § | |
| WAL-MART REALTY COMPANY, § | |
| § | |
| Defendants. § | |

## COMPLAINT

NOW COMES STACEY BELLAMY, Plaintiff in the above-styled civil action, by and through her attorneys, and files this Complaint for damages against the Defendants as follows:

### PARTIES AND JURISDICTION

1. Plaintiff is a citizen and resident of Chatham County, Georgia and is a proper party Plaintiff to this lawsuit.

2. Defendant Wal-Mart Stores, Inc., is a foreign corporation organized and existing under the laws of the State of Georgia, it transacts business in Georgia at 6000 Ogeechee Road, Savannah, GA 31419, and is subject to the jurisdiction of this Court.

3. Defendant Wal-Mart Stores, Inc. may be served with Summons and a copy of this Complaint by serving its Registered Agent for service, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040, by the Forsyth County Sheriff's Department.

**EXHIBIT "A"**

4. Defendant Wal-Mart Realty Company is a foreign corporation organized and existing under the laws of the State of Georgia, it transacts business in Georgia at 6000 Ogeechee Road, Savannah, GA 31419, and is subject to the jurisdiction of this Court.

5. Defendant Wal-Mart Realty Company may be served with Summons and a copy of this Complaint by serving its Registered Agent for service, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040, by the Forsyth County Sheriff's Department.

6. Plaintiff's Complaint arises out of an injury that Plaintiff received on or about November 15, 2020, while on the premises at 6000 Ogeechee Road, Savannah, GA 31419.

7. Jurisdiction and venue are proper in this Court.

## FACTUAL BACKGROUND

8. On November 15, 2020, Mrs. Bellamy entered the Wal-Mart located at 6000 Ogeechee Road, Savannah, GA 31419 as a customer of the store.

9. Defendant Wal-Mart Realty Company is an occupier of the Wal-Mart 6000 Ogeechee Road, Savannah, GA 31419.

10. Defendant Wal-Mart Stores, Inc. is an occupier of the Wal-Mart 6000 Ogeechee Road, Savannah, GA 31419.

11. As Mrs. Bellamy prepared to begin scanning her items at the self-checkout register, she slipped and fell due to a slippery substance on the floor.

12. The slippery substance was on the floor directly in front of a self-checkout register and was in full and plain view of all employees each time they walked past or were monitoring the self-checkout register area.

**EXHIBIT "A"**

13. As a result of this fall Mrs. Bellamy suffered catastrophic and permanent debilitating injuries.

14. Plaintiff had no actual knowledge or constructive knowledge of the dangerous condition on the premises at 6000 Ogeechee Road, Savannah, GA 31419.

15. Before Plaintiff's fall, Defendants knew or should have known of the dangerous condition and therefore Defendants were aware of the hazard presented to Plaintiff and others.

16. There were no wet floor signs or any other warnings that the slippery substance was present on the floor.

## AS A FIRST CAUSE OF ACTION PREMISES LIABILITY FAILURE TO MAINTAIN PREMISES

17. The Plaintiff realleges and reiterates paragraphs 1 through 16 as fully as if set forth in this paragraph and in their entirety.

18. At all relevant times, Defendants owed Plaintiff a duty to maintain the premises in a safe manner.

19. Defendants breached their duty owed to Plaintiff by failing to maintain the premises in a safe manner.

20. Defendants' negligent, careless, and reckless conduct is the direct and proximate cause of Plaintiff's damages.

## AS A SECOND CAUSE OF ACTION PREMISES LIABILITY - FAILURE TO WARN

21. The Plaintiff realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph and in their entirety.

22. At all relevant times, Defendants owed Plaintiff a duty to warn Plaintiff of the dangerous condition in existence at the premises.

**EXHIBIT "A"**

23. Defendants breached their duty owed to Plaintiff when Defendants failed to warn Plaintiff of the dangerous condition.

24. Defendants' negligent, careless, and reckless conduct is the direct and proximate cause of Plaintiff's damages.

### AS A THIRD CAUSE OF ACTION PREMISES LIABILITY - FAILURE TO INSPECT

25. The Plaintiff realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph and in their entirety.

26. At all relevant times, Defendants owed Plaintiff a duty to inspect the premises for dangerous conditions.

27. Defendants breached their duty owed to Plaintiff by failing to inspect its premises for dangerous conditions.

28. Defendants' negligent, careless, and reckless conduct is the direct and proximate cause of Plaintiff's damages.

### AS A FOURTH CAUSE OF ACTION NEGLIGENCE

29. The Plaintiff realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph and in their entirety.

30. That the injuries to Plaintiff were due to and caused by and were the direct and proximate result of the careless, negligent, and reckless acts of the Defendants herein through their agents, servants and/or employees combining and concurring in one or more of the following particulars:

   a. In allowing an unsafe condition to be present on its premises;
   b. In failing to properly supervise its employees;

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 2/7/2022 1:46 PM          Brian K. Hart -Clerk of Court

c. In failing to properly instruct its employees and agents in the proper and safe care and maintenance of wood floors/steps, including but not limited to the placement of anti-slipping agents;

d. In failing to provide a safe premises for its residents, customers, guests, and business invites;

e. In failing to recognize and identify a hazardous and or defective situation;

f. In failing to take the necessary steps to correct a hazardous and or defective situation that was known or should have been known to exist; and

g. In other such particulars as will be proven at trial. .

31. That as a direct and proximate result of the Defendants' negligence, carelessness, recklessness, willfulness, and wantonness as aforesaid, Defendants are liable to Plaintiff for the damages which have been incurred and will be incurred by the Plaintiff.

32. As a direct and proximate result of Defendants' negligent, careless, and reckless conduct, Plaintiff suffered severe bodily injuries including serious and permanent physical injuries, substantial and continuing pain, suffering, emotional pain and discomfort, both past and future, medical expenses, both past and future, and lost wages, both past and future.

33. As a direct and proximate result of Defendants' negligent, careless, and reckless conduct, Plaintiff is entitled to an award of special damages for past (approximately $50,350.31) and future medical expenses and past and future lost wages in an amount to be shown at trial and general damages in an amount to be determined by a jury of Plaintiff's peers against Defendants, all in an amount in excess of $10,000.00.

34. The Defendants have acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense. Therefore, pursuant to O.C.G.A. §13-6-11,

**EXHIBIT "A"**

the Plaintiff requests that she be awarded the expenses of this litigation, including reasonable attorney fees.

**WHEREFORE**, Plaintiff prays:

(a) That Summons and process be issued and served upon the Defendants;

(b) That Plaintiff have a trial by a jury of twelve (12) persons;

(c) That Plaintiff be awarded special damages in an amount to be proven at trial;

(d) That Plaintiff be awarded general damages in an amount to be determined by a jury of Plaintiff's peers, all in an amount in excess of $10,000.00;

(e) That Plaintiff have and recover expenses of this litigation, including reasonable attorneys' fees; and

(f) That this Court grant such other and further relief as it deems just and proper.

This 7th day of February, 2022.

THE CORNWELL FIRM

/s/:W. Brian Cornwell

W. BRIAN CORNWELL
GEORGIA STATE BAR NO. 459090
BENJAMIN C. DAVIDSON
GEORGIA STATE BAR NO. 343248
ATTORNEYS FOR PLAINTIFF

349 Mall Boulevard, Suite 210
Savannah, GA 31406
(912) 349-7028
(912) 349-7078 fax
bcornwell@cornwelllaw.org
bdavidson@cornwelllaw.org

6

**EXHIBIT "A"**

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

| | |
|---|---|
| STACEY BELLAMY, § § § Plaintiff, § § v. § CIVIL ACTION NO. STCV22-00222 § WAL-MART STORES, INC. and § WAL-MART REALTY COMPANY, § § Defendants. § | |

### CERTIFICATE PURSUANT TO UNIFORM SUPERIOR COURT RULE 5.2

COMES NOW **STACEY BELLAMY** and files her Certificate in compliance with Uniform State Court Rule 5.2 as follows:

I have this date delivered for service, a copy of the following:

1. Complaint and Summons;

2. Plaintiff's First Interrogatories to Defendants; and

3. Plaintiff's First Request for Production of Documents and Things to Defendants;

on Defendants by service of same by the Forsyth County Sheriff's Department.

[SIGNATURES CONTINUED ON NEXT PAGE]

This 7th day of February, 2022.

THE CORNWELL FIRM

/s/: Walter Brian Cornwell

W. BRIAN CORNWELL

**EXHIBIT "A"**

GEORGIA STATE BAR NO. 459090
BENJAMIN C. DAVIDSON
GEORGIA STATE BAR NO. 343248
ATTORNEYS FOR PLAINTIFF

349 Mall Boulevard, Suite 210
Savannah, GA 31406
(912) 349-7028
(912) 349-7078 fax
bcornwell@cornwelllaw.org
bdavidson@cornwelllaw.org

**EXHIBIT "A"**

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| STACEY BELLAMY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO. STCV22-00222 |
| | ) |
| WAL-MART STORES, INC. AND | ) |
| WAL-MART REALTY COMPANY, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW, Defendants Wal-Mart Stores Inc. and Wal-Mart Realty Company, who have been improperly named, and file this Answer and Defenses to Plaintiff's Complaint and show the Court as follows:

### First Defense

Pending additional investigation and discovery, Plaintiff's Complaint, taken as a whole, may fail to state a claim against one or more Defendants upon which relief may be granted.

### Second Defense

Defendants show that Walmart Stores, Inc. and Wal-Mart Realty Company were not involved in the day-to-day operation of the Walmart store at issue. While Defendants deny liability, Defendants state that Wal-Mart Stores East, LP (an Arkansas corporation organized under the laws of the State of Delaware) was the entity involved in the day-to-day operation of the Walmart store at issue. Defendants request that Plaintiff voluntarily dismiss Walmart Stores, Inc. and Wal-Mart Realty Company.

**EXHIBIT "A"**

### Third Defense

Pending additional investigation and discovery, Defendants state that Plaintiff's alleged injuries and damages were caused or contributed to by Plaintiff's actions.

### Fourth Defense

Defendants deny that Defendants or Defendants' agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

### Fifth Defense

Defendants breached no duty owed to Plaintiff.

### Sixth Defense

Plaintiff may not recover against Defendants because no act or omission of Defendants was the legal cause or the proximate precipitating cause of Plaintiff's alleged injuries and damages.

### Seventh Defense

Pending further investigation and discovery, Defendants assert the defenses of contributory and comparative negligence.

### Eighth Defense

Plaintiff may not recover against Defendants due to Plaintiff's equal or superior knowledge of any condition which she alleges resulted in this event.

### Ninth Defense

Plaintiff failed to exercise ordinary care for her own safety.

### Tenth Defense

Defendants deny any and all allegations regarding negligent inspection and failure to warn.

**EXHIBIT "A"**

### Eleventh Defense

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

### Twelfth Defense

Plaintiff is not entitled to attorney's fees, expenses, post-judgment interest, or pre-judgment interest under the facts of this case. Further, Defendants preserve all rights against Plaintiff to the extent these claims are asserted without any justifiable basis in fact or law. If Plaintiff's claims are determined to be false or fraudulent, Defendants reserve the right to seek all sanctions against all persons allowed by law.

### Thirteenth Defense

Pending further investigation and discovery, Defendants reserve the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

### Fourteenth Defense

In answer to the specific allegations of Plaintiff's Complaint, Defendants show the Court as follows:

### PARTIES AND JURISDICTION

1. At this time, Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendants deny the allegations in Paragraph 2 of Plaintiff's Complaint as stated. Defendants deny that they are proper parties to this suit.

3. Defendants deny the allegations in Paragraph 3 of Plaintiff's Complaint as stated. Defendants deny that they are proper parties to this suit.

**EXHIBIT "A"**

4. Defendants deny the allegations in Paragraph 4 of Plaintiff's Complaint as stated. Defendants deny that they are proper parties to this suit.

5. Defendants deny the allegations in Paragraph 5 of Plaintiff's Complaint as stated. Defendants deny that they are proper parties to this suit.

6. At this time, Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint. As such, those allegations stand automatically denied.

7. Defendants deny the allegations in Paragraph 7 of Plaintiff's Complaint as stated. Defendants deny that they are proper parties to this suit.

## FACTUAL BACKGROUND

8. At this time, Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint. As such, those allegations stand automatically denied.

9. Defendants deny the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendants deny the allegations in Paragraph 10 of Plaintiff's Complaint.

11. At this time, Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint. As such, those allegations stand automatically denied.

12. At this time, Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint. As such, those allegations stand automatically denied.

**EXHIBIT "A"**

13. At this time, Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint. As such those allegations stand automatically denied.

14. At this time, Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint. As such those allegations stand automatically denied.

15. The allegations contained in Paragraph 15 of Plaintiff's Complaint are denied.

16. At this time, Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

## AS A FIRST CASUE OF ACTION PREMISES LIABILITY FAILURE TO MAINTAIN PREMISES

17. Defendants reallege and incorporate their responses to Paragraphs 1 – 16 of Plaintiff's Complaint as if fully rewritten herein.

18. The allegations contained in Paragraph 18 of Plaintiff's Complaint call for Defendants to reach a conclusion of law in forming a response and, as such, no response is required. Defendants deny that any duties were breached that may have been owed. Defendants are not proper parties to this lawsuit. Any allegation or implication of negligence or liability is denied.

19. Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations in Paragraph 20 of Plaintiff's Complaint.

## AS A SECOND CAUSE OF ACTION PREMISES LIABILITY- FAILURE TO WARN

21. Defendants reallege and incorporate their response to Paragraphs 1-20 of Plaintiff's Complaint as if fully rewritten herein.

**EXHIBIT "A"**

22. The allegations contained in Paragraph 22 of Plaintiff's Complaint call for Defendants to reach a conclusion of law in forming a response and, as such, no response is required. Defendants deny that any duties were breached that may have been owed. Defendants are not proper parties to this lawsuit. Any allegation or implication of negligence or liability is denied.

23. Defendants deny the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations of Paragraph 24 of Plaintiff's Complaint.

### AS A THIRD CAUSE OF ACTION PREMISES LIABILITY- FAILURE TO INSPECT

25. Defendants reallege and incorporate their responses to Paragraphs 1-24 of Plaintiff's Complaint as if fully rewritten herein.

26. The allegations contained in Paragraph 26 of Plaintiff's Complaint call for Defendants to reach a conclusion of law in forming a response and, as such, no response is required. Defendants deny that any duties were breached that may have been owed. Defendants are not proper parties to this lawsuit. Any allegation or implication of negligence or liability is denied.

27. Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.

### AS A FOURTH COURSE OF ACTION NEGLIGENCE

29. Defendants reallege and incorporate their responses to Paragraphs 1-28 of Plaintiff's Complaint as if fully rewritten herein.

30. Defendants deny the allegations in Paragraph 30, and the subparts thereto, of Plaintiff's Complaint.

31. Defendants deny the allegations of Paragraph 31 of Plaintiff's Complaint.

**EXHIBIT "A"**

32. Defendants deny the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny that Plaintiff is entitled to the relief requested by her in her "Prayers for Relief" and the subparts thereto.

36. Any remaining allegations which have not been admitted, denied, or otherwise responded to are hereby denied.

**DEFENDANTS HEREBY DEMAND TRIAL BY JURY OF TWELVE REGARDING ANY ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

Having fully answered, Defendants pray that they be discharged with all costs cast against Plaintiff.

Respectfully submitted, this 17th day of March, 2022.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Garret W. Meader*

GARRET W. MEADER
Georgia Bar No. 142402
ANN H. SEARCY
Georgia Bar No. 633302
*Attorneys for Defendants*

777 Gloucester Street, Suite 305
Brunswick, Georgia 31520
(912) 280-9662
meaderg@deflaw.com
SearcyA@deflaw.com

**EXHIBIT "A"**

## CERTIFICATE OF SERVICE

This is to certify that I have this day forwarded, via United States Mail, postage prepaid, and statutory electronic service via filing in Odyssey a true and correct copy of the foregoing *Answer and Defenses to Plaintiff's Complaint* to the following counsel of record, addressed as follows:

> W. Brian Cornwell
> Benjamin C. Davidson
> The Cornwell Firm
> 349 Mall Boulevard Suite 210
> Savannah, Georgia 31406
> bcornwell@cornwelllaw.org
> bdavidson@cornwelllaw.org

This 17th day of March, 2022.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Garret W. Meader*
_____
Garret W. Meader
Georgia Bar No. 142402
*Attorneys for Defendants*

777 Gloucester Street, Suite 305
Brunswick, Georgia  31520
(912) 280-9662
meaderg@deflaw.com

**EXHIBIT "A"**